UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIEF HOSPITAL POLICE KUAN, et al.,<br><br>    Defendants. | Case No. 24-cv-07343-JSW<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 3 |

## INTRODUCTION

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against employees at Napa State Hospital ("NSH"), where he has been involuntarily committed. He is granted leave to proceed in forma pauperis ("IFP") due to a lack of funds. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

### A. STANDARD OF REVIEW

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **LEGAL CLAIMS**

Plaintiff alleges an unidentified person told him that Defendant Kuan, the "Chief [of] Hospital Police" instructed Defendant "Crystal" to destroy Plaintiff's "legal mail" to "punish" him.  Defendant Krystal then told Plaintiff that Defendant "Monica", a "Program Assistant," also instructed her to destroy his legal mail "for the sake of punishment and retaliation."  (ECF No. 1 at 3.)

These allegations do not state a cognizable claim for relief.  Plaintiff does not allege legal mail was actually destroyed, only that two Defendants allegedly instructed another Defendant to do so, or if any mail was destroyed, what this "legal mail" consisted of.  *See*, *e.g.*, *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017) (mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail").  Thus, the allegations about the destruction of his mail do not state a plausible claim Defendants violated his constitutional rights.

The allegations that Defendants wanted to "punish" or retaliate against him also do not state a cognizable claim for relief.  Retaliation for the exercise of a First Amendment rights is actionable, *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005), but Plaintiff does not allege Defendants destroyed his legal mail to retaliate against or punish him for exercising his First Amendment rights.

2

## CONCLUSION

For the reasons set out above, Plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2024

_____
JEFFREY S. WHITE
United States District Judge