UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. PRICE,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF HOSPITAL POLICE KUAN, et al.,<br><br>Defendants. | Case No. 24-cv-07343-JSW<br><br>**ORDER GRANTING RECONSIDERATION; VACATING JUDGMENT AND DISMISSAL; REOPENING CASE; OF SERVICE**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against employees at Napa State Hospital ("NSH"), where he has been involuntarily committed. The complaint was dismissed without leave to amend for failure to state a claim upon which relief may be granted. Plaintiff filed a motion for reconsideration and an amended complaint. For the reasons discussed below, reconsideration is granted, the dismissal and judgment are vacated, and Defendant Kuan is ordered served. Plaintiff is ordered to provide the last names of the other Defendants or the claims against them will be dismissed.

## ANALYSIS

**A. STANDARD OF REVIEW**

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In the amended complaint, Plaintiff alleges Defendant Chief Hospital Police Officer told Defendants "Monique" and "Crystal" that that Plaintiff needed to punish Plaintiff for filing lawsuits and administrative grievances. (ECF No. 9 at 3.) Crystal then told Plaintiff that Monique also told him he needed to be punished for filing lawsuits and grievances. (*Id.*) Monique then ordered Crystal to destroy Plaintiff's legal mail for over 14 days. (*Id.*)

When liberally construed, these allegations state a cognizable claim against these officials for retaliating against him for violating his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Consequently, reconsideration of the dismissal order is warranted, and the dismissal and judgment will be vacated.

Plaintiff has not provided the last name of two of the Defendants, "Monique" and "Crystal." Without their last names, these Defendants cannot be identified by the Marshal for service. Therefore, to proceed with claims against them, Plaintiff must file a second amended complaint on or before February 12, 2025, which includes their last names. **Failure to do so will result in the dismissal of the claims against Defendants "Crystal" and "Monique".**

**CONCLUSION**

For the reasons set out above,

1. The motion for reconsideration is GRANTED. The dismissal and judgment are VACATED. The case is REOPENED.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with any attachments, and a copy of this order on **Chief Hospital Police Officer Kuan at Napa State Hospital** and upon **the California Department of State Hospitals** (which runs Napa State Hospital).

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

3. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

    a. No later than **April 2, 2025,** Defendant Kuan shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **April 30, 2025**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendant shall file a reply brief no later than **May 14, 2025**.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion unless the Court so orders at a later date.

     5.    All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or their counsel.

     6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

**IT IS SO ORDERED.**

Dated: January 13, 2025

_____
JEFFREY S. WHITE
United States District Judge